**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2026*
Decided July 28, 2026

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

No. 25-3001

BRADSHAW GENARD NUNNALLY,
*Plaintiff-Appellant*,

*v.*

FRATERNAL ORDER OF POLICE, ILLINOIS STATE TROOPERS LODGE NO. 41, et al.,
*Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of Illinois.

No. 3:25-cv-1916-DWD

David W. Dugan,
*Judge*.

**O R D E R**

Bradshaw Nunnally appeals the judgment dismissing his civil rights action that alleged violations in connection with a traffic stop. We affirm.

* The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We draw the following facts from Nunnally's complaint and attached documents. *See J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021). In May 2025, Nunnally was stopped and detained by an Illinois state police officer for driving without a license, registration, and automobile insurance. *Illinois v. Hannibal Hagan*, Case No. 2025-MT-001080 (Madison County). (These charges are pending in Illinois state court.) The officer issued Nunnally four unspecified citations and confiscated what he described as his "private license plate, not issued under the corporate franchise known as the 'Secretary of State'"; his "insurance card, a document evidencing private contractual protection"; and his "Traveler Authorization Card, a document lawfully attesting to [his] right to freely travel under common law." It appears that these documents were issued by ANPC International, an organization that identifies itself as a "private and independent nation." He later filed a complaint with the Illinois Attorney General's Disability Rights Bureau, citing violations of the Magna Carta and common law inheritance laws.

Nunnally later sued the officer, the Illinois State Police, the Fraternal Order of Police, and the Illinois Attorney General for alleged violations of his civil rights. *See* 42 U.S.C. § 1983. Among the claims he raised was a deprivation of his rights "secured by the Magna Carta 1215 anno domini, the Act of Supremacy 1559 anno domini, the New Jersey Provincial Council 1702 anno domini, and the Treason Act 1351." For these violations, Nunnally sought damages, injunctive relief from prosecution, and a declaratory judgment that the defendants' conduct violated the Constitution and his "sovereign rights."

The district court screened the complaint, *see* 28 U.S.C. § 1915(e), and dismissed Nunnally's claims based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Regarding the claims for injunctive and declaratory relief, the court concluded that it needed to abstain from the underlying state criminal proceedings that were ongoing. As for Nunnally's claims for damages, the court acknowledged that such claims ordinarily are stayed rather than dismissed, *see Simpson v. Rowan*, 73 F.3d 134, 138–39 (7th Cir. 1995), but Nunnally's claims did not require a stay because they were premised on sovereign-citizen theories and therefore frivolous.

On appeal, Nunnally challenges the district court's determination that his action was frivolous and insists that he raised legitimate constitutional claims not rooted in sovereign-citizen ideology. But we have summarily rejected similar sovereign-citizen arguments, that is, arguments premised on the theory that the defendant is a sovereign beyond the courts' jurisdiction. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.

2011) (collecting cases on sovereign-citizen theories); *Bey v. State*, 847 F.3d 559, 559–61 (7th Cir. 2017) (affirming dismissal of a civil complaint premised on sovereign-citizen ideology). Here, Nunnally asserted that the police did not have the authority to issue him citations, and that the Illinois state court to which he had been summoned lacked jurisdiction over his person. These theories have "no conceivable validity in American law," *see United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)), and the district court was within its discretion to dismiss them. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that … the action … is frivolous."); *see also Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995) (when evaluating whether to stay or dismiss a damages claim under *Younger*, a district court should make "the threshold determination whether the action is frivolous").

Nunnally also argues that the court should have granted him leave to amend before dismissing his case with prejudice. Generally, a plaintiff is entitled to amend the complaint once as a matter of right, and a district court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). But district courts may deny leave to amend when "the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Here, the court correctly decided that Nunnally's allegations are incurably frivolous. In any event, a district court does not "abuse its discretion by failing to order, sua sponte, an amendment to [the complaint] that [the plaintiff] never requested." *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019) (internal citation omitted).

AFFIRMED